*F. O. White*, for the plaintiffs.
*W. H. White*, for the defendant Conant.

---

SAMUEL WELLS & others, trustees, *vs.* STREET COMMIS-
SIONERS OF THE CITY OF BOSTON.

Suffolk.     January 9, 1905. — March 2, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Tax*, Assessment of betterments. *Boston. South Terminal Station. Constitu-*
*tional Law.*

St. 1896, c. 516, providing for the construction and maintenance of the south ter-
minal station in Boston, which required the construction of Summer Street and
Cove Street as described in § 11 of that statute, did not require such construc-
tion to be in accordance with the provisions of the board of survey act, St. 1891,
c. 323, as amended by St. 1892, c. 418, imposing the provisions of St. 1890, c. 418,
§§ 4–6, and an assessment for betterments on account of the location and con-
struction of the two streets named is valid although the methods prescribed by
the earlier statutes were not followed.

In authorizing the assessment of betterments by § 14 of St. 1896, c. 516, providing
for the construction and maintenance of the south terminal station in Boston,
the Legislature properly treated the changes in the streets and the construction
of the station as parts of a single public improvement constituting one joint

enterprise which would bring special and peculiar benefits to the estates in the vicinity, and such authorization of the imposition of betterments is constitutional. Following *Sears* v. *Street Commissioners*, 180 Mass. 274.

PETITION, filed October 7, 1902, for a writ of certiorari, addressed to the board of street commissioners of the city of Boston to quash their proceedings assessing betterments upon real estate of the petitioners and others under St. 1896, c. 516, § 14.

The case was heard by *Braley,* J. upon the petition and the return of the respondents. The petitioners requested a ruling that the section above named under which the assessments were made was in violation of the fifth and fourteenth amendments of the Constitution of the United States, and that the order of the respondents and the assessments thereunder were illegal and void. The justice refused to rule as requested, and at the request of the petitioners reserved the case for determination by the full court.

*H. E. Bolles,* ( *O. O. Partridge* with him,) for the petitioners.

*T. M. Babson,* for the respondents.

KNOWLTON, C. J. This is a petition for a writ of certiorari to quash an assessment of betterments, made under the St. 1896, c. 516, on account of the location and construction of Summer Street and Cove Street and the south terminal station in Boston, under the requirements of this statute. It comes before us on a report by a single justice, and the principal questions are whether the expenditures were made in violation of statutes under which the work should have been done, in order to lay the foundation for an assessment, and whether the provision for the assessment is unconstitutional. The contention is that this statute, by implication, required the work of construction of these two streets to be done in the same way as if they had been laid out under the St. 1891, c. 323, sometimes called the board of survey act, as amended by the St. 1892, c. 418. If the work had been done under this amended statute, the superintendent of streets, as an officer in charge of a department of the city, would have been acting subject to the provisions of the St. 1890, c. 418, §§ 4–6, and a disregard of these provisions might defeat the right of assessment. *Warren* v. *Street Commissioners*, 181 Mass. 6. But the statute under which the city was acting in the

construction of Summer Street and Cove Street does not contain a provision making these earlier statutes applicable, as did the statute for the laying out and construction of Huntington Avenue, under which *Warren* v. *Street Commissioners* was decided. See St. 1894, c. 416, § 4. It is a statute providing in detail for the construction of a great public improvement. The section which relates particularly to the changes in streets (St. 1896, c. 516, § 11) prescribes exactly what shall be done, except that the required width of each of these two streets is stated as at least one hundred feet, thus leaving it possible to make them of a greater width. It calls for the discontinuance of several streets and parts of streets, and the extension of others to specified points. The part which the city and its officers were to take in regard to these is stated in a single sentence, as follows: " Said board of street commissioners shall discontinue, widen, and lay out said streets in such manner as may be approved by the mayor, and said city shall construct said streets and make said changes in said bridges as above specified." The section ends with these words: " The supreme judicial court or any justice thereof shall have jurisdiction in equity to enforce the provisions of this section." It is manifest that most if not all of the provisions of the board of survey act were inapplicable to the changes to be made under this statute. Except in a single particular, the board of street commissioners had no discretion in regard to the discontinuance, or widening, or extension of any of these streets. The only discretion that was given to anybody, in regard to the nature of the changes, was as to whether Summer and Cove Streets should be one hundred feet wide, or of a greater width. In regard to this the street commissioners could not determine finally, but their decision was to be subject to the approval of the mayor. The action of these officers, and action of the city for the construction of the work, could be compelled by an order of the Supreme Judicial Court. The completion of these improvements was quite outside of the ordinary proceedings for laying out and constructing streets. Work to be done by the terminal company was to be carried on in connection with the changes in the streets. In reference to that company also the statute was mandatory.

Nothing is said in the statute in regard to the manner of

executing the mandates of the law. " Said city shall construct said streets." Without something more than this, we hesitate to say that this special, peculiar work was brought within provisions made for the transaction of general municipal business, absolutely requiring the work to be done by the head of a particular department, through such contracts as are referred to in St. 1890, c. 418, §§ 4–6. In a work of this kind there might be occasion for co-operation of the different parties engaged in it, or other reasons which might make it desirable that the authorities of the city, by proper action, should provide for the construction, or a part of the construction, in another way. If the Supreme Judicial Court had been called upon to make an order for the construction, the statute hardly would have justified an order to the superintendent of streets, or any other head of a department, but only an order to the city or its chief executive officer.

The work has been done by the city through its representatives, and paid for by it. From the averments of the petition, and from other parts of the record, although it does not appear in the answer, we infer that the statute last mentioned was not treated as applying to this work. It is a long time since the streets were completed. Assessments have been made on account of the improvements, amounting in the aggregate to almost one million dollars, and most of them, presumably, have been paid. After this lapse of time, with an apparent general acquiescence in the construction put upon this part of the statute by those acting openly under it, we ought not to read into it a meaning which would invalidate the assessment, unless such a meaning is plainly discoverable in its language. We are of opinion that the Legislature did not intend to prescribe any particular mode of doing the work on these streets, as a condition precedent to the right to assess a part of the cost upon estates benefited.

With this view of the law, we need not consider other questions argued in connection with the motion for a further return by the respondents. If there was an irregularity in including in the first instance a part of the expense of the construction of sewers, the amount included was not so large as the amount afterwards deducted, and it does not invalidate the assessment.

The constitutionality of the statute was considered and af-
firmed in *Sears* v. *Street Commissioners*, 180 Mass. 274. We
are all of opinion that the Legislature, in dealing with the bene-
fits by the amount of which the assessment should be limited,
well might treat the changes in the streets and the construction
of the station as parts of a single public improvement constitut-
ing one joint enterprise, bringing special and peculiar benefits to
the estates in the vicinity.

*Petition dismissed.*